NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

GEORGE PIECZENIK and JANE
PIECZENIK,

                Plaintiffs,

      v.

STATE OF NEW JERSEY *et al.*,

                Defendants.

Civ. No. 20-18435

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion to Dismiss filed by the State of New Jersey (the "State"). (ECF No. 16.) Plaintiffs George and Jane Pieczenik (collectively, "Plaintiffs") oppose. (ECF No. 18.) The Court has decided this matter based upon the written submissions of the parties and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the State's Motion to Dismiss (ECF No. 16) is granted.

## BACKGROUND

Plaintiffs are a married couple residing in Stockton, New Jersey. (2d Am. Compl. ¶ 5, ECF No. 14.) Plaintiffs allege that on December 1, 2017, New Jersey State Troopers, including Defendants Louis Gregoire, Steve Lazio, and other unknown officers (collectively, "Individual Defendants"), attempted to enter Plaintiffs' property pursuant to a foreclosure order. (*Id.* ¶ 5.) Plaintiffs allege that the Individual Defendants used excessive force to "restrain, arrest, and assault" them. (*Id.* ¶¶ 5–6.) As a result of the altercation, Plaintiffs suffered cuts, abrasions, bruises, and "post traumatic stress." (*Id.* ¶ 8.) Additionally, Plaintiff George Pieczenik alleges

that the incident exacerbated his pre-existing heart condition and his arthritis, and Plaintiff Jane Pieczenik alleges that she sustained damage to her spine, tendons, nerves, and shoulder. (*Id.*)

On November 27, 2019, Plaintiffs filed suit in the New Jersey Superior Court in Hunterdon County. (Notice of Removal ¶ 1, ECF No. 1.) On April 14, 2020, the Superior Court ordered Plaintiffs to provide a more definite statement of their claims, and on November 5, 2020, the Superior Court dismissed Plaintiffs' Complaint "for failure to provide the nature and basis of their claims." (*Id.* ¶ 4.) On November 23, 2020, Plaintiffs filed an Amended Complaint in the Superior Court. (*Id.* ¶ 5.) The Amended Complaint added "Police Officers Louis Gregoire and Steven Wlaslo [sic]" and John Does 1–19 as Defendants. (Am. Compl. at 1, ECF No. 1-1.) Plaintiffs did not serve any of the Individual Defendants. *See generally Pieczenik v. New Jersey*, HNT-L-00499-19 (N.J. Super. Ct. Law Div. 2019).

On December 8, 2020, the State timely removed the case to this Court. (Notice of Removal ¶¶ 6–9.) After the State moved to dismiss the Amended Complaint (ECF No. 10), Plaintiffs filed the operative Second Amended Complaint (ECF No. 14). The Second Amended Complaint alleges three counts: (1) violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 (2d Am. Compl. ¶¶ 13–14); (2) battery (*id.* ¶¶ 15–17); and (3) "unlawful religious discrimination" (*id.* ¶¶ 18–19).[1] Plaintiff has not served the Second Amended Complaint on the Individual Defendants. The State now moves to dismiss the Second Amended Complaint's claims against the State only.

---

[1] Paragraph 19 of the Second Amended Complaint is incorrectly labeled as Paragraph 16. (*See* 2d Am. Compl. ¶ 19.)

## <u>LEGAL STANDARD</u>

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Third 'whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## <u>DISCUSSION</u>

### I.     Section 1983

42 U.S.C. § 1983 provides a civil action for the deprivation of rights against every person who, "under color" of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "States are not 'persons' within the

meaning of § 1983 and, therefore, cannot be among those held liable for violations of the civil rights statute." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 697 (3d Cir. 1995) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). Accordingly, the Court must dismiss Plaintiffs' § 1983 claim against the State.

## II.      Battery

The New Jersey Tort Claims Act ("NJTCA") "creates limited situations in which parties may assert tort claims against public entities." *Feinberg v. New Jersey*, 644 A.2d 593, 596 (N.J. 1994). Under the NJTCA, "[a] public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or willful misconduct." *Hoag v. Brown*, 935 A.2d 1218, 1230 (N.J. Super. Ct. App. Div. 2007) (citing N.J. Stat. Ann. § 59:2-10). "Thus, there can be no vicarious liability by a public entity for intentional torts committed by its employees; that is, with respect to such intentional torts, the theory of respondeat superior does not apply." *Id; see also E.S. v. Elizabeth Bd. of Educ.*, 2020 WL 7640537, at *3 (D.N.J. Dec. 23, 2020) (holding that N.J. Stat. Ann. § 59:2-10 "precludes respondeat superior (or vicarious liability) claims against a public entity for assault and battery by one of its employees").

Plaintiffs seek to hold the State liable via respondeat superior for an alleged battery by its employees. (2d Am. Compl. ¶¶ 15–17.) Battery is an intentional tort, *see Murphy v. Implicito*, 920 A.2d 678, 686 (N.J. Super. Ct. App. Div. 2007), and therefore "necessitate[s] a showing of intentional or willful misconduct," *Grandizio v. Smith*, 2015 WL 58403, at *7 (D.N.J. Jan. 5, 2015). For that reason, courts in this District have repeatedly refused to impose respondeat superior liability on public entities based on batteries by employees. *See, e.g., E.S.*, 2020 WL 7640537, at *3; *Grandizio*, 2015 WL 58403, at *7; *Merman v. City of Camden*, 824 F. Supp. 2d 581, 597 (D.N.J. 2010); *Ward v. Barnes*, 545 F. Supp. 2d 400, 420–21 (D.N.J. 2008). Thus,

because the State cannot be held liable via respondeat superior for an alleged battery by its employees, Plaintiffs' battery claim against the State is dismissed.

## III.  Religious Discrimination

Plaintiffs do not identify the legal basis for their "unlawful religious discrimination" claim. (*See* 2d Am. Compl. ¶ 19.) To the extent that Plaintiffs' religious discrimination claim is premised on § 1983, that claim is dismissed because, as discussed, the State is not a person amenable to suit under § 1983. *See Blanciak*, 77 F.3d at 697. To the extent that Plaintiffs' religious discrimination claim is brought pursuant to a different statute, Plaintiffs may file an amended complaint stating the basis for the claim.

## IV.  Leave to Amend

Plaintiffs are granted leave to file an amended complaint within thirty (30) days, if they wish to do so, to cure the deficiencies identified in this Opinion.

## CONCLUSION

For the foregoing reasons, the State's Motion to Dismiss (ECF No. 16) is granted. An appropriate Order will follow.


Date: <u>June 1, 2021</u>                                     <u>*/s/ Anne E. Thompson*       </u>
                                                                    ANNE E. THOMPSON, U.S.D.J.